**Random Justice PHILLIPS,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A01–0702–CR–66.

Court of Appeals of Indiana.

Oct. 31, 2007.

Matthew Jon McGovern, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Random Justice Phillips appeals his conviction and sentence for possessing material capable of causing bodily injury by an inmate, a Class C felony.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

In February of 2005, Phillips was incarcerated in the Vanderburgh County Jail. As Phillips was returning to his cell after recreation time, prison personnel noted his underwear had not been issued by the jail. Phillips was instructed to move into a cell and remove the underwear. As he did so, a wrist brace fell from his pants. The supervisor removed the metal support rods from the brace and found one of them had been sharpened. A sharpened object is commonly known in the jail as a "shank." When questioned about the shank, Phillips said, "I've been jumped three times." (Tr. at 275.)

Phillips had been attacked on January 7, 2005 and was sent to the hospital for treatment. On January 27, 2005, Phillips was placed in a cell with one of his attackers, Arthur Lee Smith, for four hours. At trial, Phillips testified another prisoner, Jamarco Baker, awakened him and told him Smith was sharpening a shank. He called his girlfriend and his step-brother to ask them to alert jail personnel to the situation. He then began sharpening one of the rods from his wrist brace. Phillips testified he did not intend to harm anyone and wanted only to protect himself.

Phillips' defense was that he lacked specific intent to use the device to harm someone. The trial court ruled the State was not required to prove intent to cause bodily injury and instructed the jury accordingly. The jury found Phillips guilty of possessing material capable of causing bodily injury. The court sentenced him to twelve years, citing his criminal history as an aggravating factor.[2]

## DISCUSSION AND DECISION

Phillips raises three issues in this appeal: (1) whether the trial court's instruction on the elements of the offense correctly stated the law; (2) whether the trial court deprived Phillips of his right to present a defense; and (3) whether his sentence is inappropriate.

1. *Instruction on Elements of the Offense* [3]

Phillips asserts the trial court erroneously instructed the jury on the ele-

---

1. Ind.Code § 35–44–3–9.5.

2. At the time of his offense, a Class B felony carried a presumptive sentence of 10 years, with up to ten years added for aggravating circumstances or up to four years subtracted for mitigating circumstances. *See* Historical and Statutory Notes, Ind.Code § 35–50–2–5.

3. The State argues Phillips has not preserved this issue for appeal because he did not tender an alternate instruction. However, the cases cited by the State hold only that the defendant must tender an instruction when the alleged error is failure to instruct the jury. *Williams v. State,* 771 N.E.2d 70, 72 (Ind.

ments of Ind.Code § 35–44–3–9.5. The statute reads:

> A person who knowingly or intentionally while incarcerated in a penal facility possesses a device, equipment, a chemical substance, or other material that:
>
> (1) is used; or
>
> (2) is intended to be used;
>
> in a manner that is readily capable of causing bodily injury commits a Class C felony. However, the offense is a Class B felony if the device, equipment, chemical substance, or other material is a deadly weapon.

*Id.* The trial court instructed the jury as follows:

> The intent requirement for this offense is found in the opening sentence of the statute as charged in this case, the question of the Defendant's intent is whether he knowingly possessed the device while he was incarcerated.
>
> The device must be one that is generally intended to be used in a manner that is readily capable of causing bodily injury. The State does not have to prove that the Defendant specifically intended to use the device to harm someone.

(Tr. at 556.) Phillips argues the final paragraph of this instruction misinterprets Ind.Code § 35–44–3–9.5, which he believes requires proof he intended to cause bodily injury. When the challenge to a jury instruction is that it does not correctly state the law, we review the instruction *de novo*. *Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind.2006).

We interpreted Ind.Code § 35–44–3–9.5 in *Abney v. State*, 822 N.E.2d 260, 265 (Ind.Ct.App.2005), *trans. denied* 831 N.E.2d 743 (Ind.2005):

> Next, Abney asserts that the State failed to prove beyond a reasonable doubt that the device was used or intended to be used in a manner readily capable of causing bodily injury. We agree with Abney that the phrase "intended to be used" is part of the relative clause, modifying the antecedents "in a manner that is readily capable of causing bodily injury" and is not indicative of his level of culpability. Rather, the culpability level for I.C. § 35–44–3–9.5 is clearly defined in the opening sentence as "a person who knowingly or intentionally . . . possesses."

(citations omitted). In other words, "intended to be used" describes the device, not the intent required for a conviction. Despite Phillips' arguments to the contrary,[4] the court's instruction correctly states the law. *See id.* (affirming conviction without evidence of specific intent to cause injury).

### 2. Right to Present a Defense

■ Phillips asserts he could not present a defense because the trial court did

2002); *Ortiz v. State*, 766 N.E.2d 370, 375 (Ind.2002). A defendant is not required to tender an instruction when a clear objection is made to an instruction given by the trial court. *Ortiz*, 766 N.E.2d at 375. Phillips made a clear objection, thereby preserving the issue for appeal.

4. Phillips provides several examples of statutes requiring a knowing or intentional act that also require proof of intent to achieve a certain result. *See* I.C. § 35–42–3–2 (kidnapping); I.C. § 35–42–4–5 (vicarious sexual gratification); I.C. § 35–43–1–1(c) (arson as a Class C felony); I.C. § 35–43–4–2(a) (theft).

However, each of these statutes contains the same language: "knowingly or intentionally . . . with intent to . . . ." Ind.Code § 35–44–3–9.5 does not state the defendant must act "with intent to" cause bodily injury. Instead, the phrase "intended to be used" appears within the description of the device. *See Hevenor v. State*, 784 N.E.2d 937, 941 (Ind.Ct. App.2003) (interpreting "intended to be . . . used" language in I.C. § 35–48–4–8.5, which defines "[d]ealing in [drug] paraphernalia," to require proof of intent regarding the device, but not the act of dealing).

not allow him to argue he lacked intent to cause bodily injury. The trial court's interpretation of Ind.Code § 35–44–3–9.5 was correct, and Phillips was not entitled to make an argument contrary to the law during closing arguments. *See Buzzell v. State,* 636 N.E.2d 158, 159 (Ind.Ct.App. 1994). Therefore, his conviction is affirmed.

### 3. *Appropriateness of Phillips' Sentence*

 Phillips claims his sentence of twelve years, two years above the presumptive term, is inappropriate. We may revise a sentence if it is "inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). We give due consideration to the trial court's decision, recognizing the special expertise of the trial court in making sentencing decisions. *Barber v. State,* 863 N.E.2d 1199, 1208 (Ind.Ct.App.2007), *trans. denied* —— N.E.2d —— (Ind.2007). Although we conduct an independent review under App. R. 7(B), we "assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed here was inappropriate." *Gibson v. State,* 856 N.E.2d 142, 147 (Ind.Ct.App. 2006). The defendant bears the burden of persuading us the sentence is inappropriate. *Rutherford v. State,* 866 N.E.2d 867, 873 (Ind.Ct.App.2007).

Phillips urges us to reduce his sentence because he had been previously attacked and had responded well to supervised release from jail. It was uncontroverted that Phillips was attacked by three men on January 7 and one of those men was placed in a cell with Phillips on January 29. However, the evidence did not clearly establish Phillips needed a shank to protect himself. The trial court did not credit Phillips' or Baker's testimony, a decision we will not second-guess. Although Phillips' girlfriend testified Phillips told her Smith had a shank, she did not tell jail personnel that another prisoner had a shank. Phillips' step-brother testified he did not know either Phillips or Smith had a shank. Smith was removed from Phillips' cell within a few hours, yet Phillips still had the shank several days later. Therefore, the nature of the offense does not militate toward a sentence revision.

Phillips has a prior conviction of battery with a deadly weapon, a Class C felony. Phillips was released on parole and went to live with his brother, Jonathan Phillips. At the sentencing hearing, Jonathan testified Phillips "did well when he was closely monitored," and did not have any parole violations or "dirty drops." (Tr. at 626.) Nevertheless, the pre-sentence investigation report shows Phillips committed several drug and driving offenses prior to his final release date. The similarity of his previous felony conviction to the present offense and the numerous misdemeanors committed before his first sentence was completed do not reflect favorably on his character. In light of these offenses, the two-year enhancement is not inappropriate.

The judgment of the trial court is affirmed in all respects.

DARDEN, J., and CRONE, J., concur.