David SASSER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A04–1006–CR–457.

Court of Appeals of Indiana.

March 9, 2011.

Transfer Denied June 22, 2011.

Earl McCoy, Law Office of Earl McCoy, Lafayette, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Brian Reitz, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

The defendant herein claims that he attempted to register as a sex offender on multiple occasions but for various reasons—a detective's mistaken advice, computers that were down, and a non-returned voicemail—was never successful in doing so. The detective who dealt with the defendant has a different version of events. Although it was for the jury to assess the credibility of these witnesses, the fact that this case turned on credibility means that the admission of evidence of the defendant's prior convictions for failure to register was fundamental error. Consequently, we reverse.

Appellant-defendant David Sasser appeals his conviction for Failure to Register as a Convicted Sex Offender While Having a Prior Conviction,[1] a class C felony. Sasser raises a number of arguments, one of which is dispositive: that the trial court erred by admitting evidence regarding Sasser's prior convictions for failing to register. Finding that the admission of that evidence was fundamental error, but also finding sufficient evidence supporting the conviction, we reverse and remand for a new trial.

## FACTS[2]

In the fall of 2008, Sasser moved from Utah to Tippecanoe County. Around the time he arrived in Tippecanoe County, Sasser went to the Sheriff's Department to register as a convicted sex offender. At that time, Detective Greg Haltom, the Coordinator of Tippecanoe County's Sex and Violent Offender Registry, looked up Sasser in the relevant database. Upon seeing only one prior conviction from 1996, Detective Haltom concluded that the ten-year registration period had expired and told Sasser that he did not need to register in Indiana.

On January 12, 2009, West Lafayette Police officers encountered Sasser on the banks of the Wabash River and asked for his identification. After the encounter, Officer Michael Brewer learned that Sasser was a convicted sex offender and should have been registered as such. Consequently, later that same day, Officer Brewer found Sasser and advised him that he had seventy-two hours to register.

Within forty-five minutes of the second discussion with Officer Brewer, Sasser went to the Tippecanoe County Sheriff's Department and again attempted to register as a sex offender. Sasser testified that he was unable to register at that point because the computer system was down, so he was given Detective Haltom's telephone and extension number and told to call the next morning. Sasser called a couple of hours later and followed up with several calls the next day, but Detective Haltom did not answer or return the calls. Sasser left Detective Haltom a voicemail indicating that if he did not hear back from the detective, he would assume everything was fine and he was not required to register as

1. Ind.Code § 11–8–8–17(b).

2. We held oral argument in Indianapolis on February 17, 2010, and we thank counsel for their written and oral presentations. We were joined by a Student Leadership Conference in the Supreme Court chambers. Such an event shows the citizens of tomorrow the quality of lawyers practicing in our courts.

a sex offender. He never received a return phone call from Detective Haltom. Detective Haltom testified that he does not recall Sasser coming into the office or leaving him a voicemail and that he would not have sent someone attempting to register home because the computers were down.

On January 27, 2009, the State charged Sasser with class D felony failing to register as a convicted sex offender between January 16 and January 21, 2009. Upon receiving the summons, Sasser went to the Sheriff's Department on January 30, 2009, and officially registered as a convicted sex offender, though he did not fully complete all portions of the form. On December 9, 2009, the State added a count of class C felony failure to register as a convicted sex offender while having a prior conviction. After the May 5, 2010, jury trial, the jury found Sasser guilty as charged. The trial court merged the class D felony conviction into the class C felony conviction, and on May 27, 2010, sentenced Sasser to six years imprisonment. Sasser now appeals.

## DISCUSSION AND DECISION

### I. Admission of Evidence

■ This case turns primarily upon whose version of events the jury chooses to believe. In such a case, the admission of prejudicial evidence becomes hugely problematic. The admission or exclusion of evidence rests within the trial court's sound discretion, and we review the trial court's decision for an abuse of that discretion. *Wilson v. State*, 765 N.E.2d 1265, 1272 (Ind.2002). We will consider only the evidence in favor of the trial court's ruling and unrefuted evidence in the defendant's favor. *Sallee v. State*, 777 N.E.2d 1204, 1210 (Ind.Ct.App.2002).

■ Here, Sasser did not object to the admission of the disputed evidence. Con-

sequently, to avoid waiver he must establish that the admission of the evidence constituted fundamental error. The fundamental error exception to the waiver rule is an extremely narrow one. *Munford v. State*, 923 N.E.2d 11, 13 (Ind.Ct. App.2010). To rise to the level of fundamental error, the error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. *Id.* The error must constitute a blatant violation of basic principles, the harm or potential harm must be substantial, and the resulting error must deny the defendant fundamental due process. *Id.*

The following discussion occurred during the State's direct examination of Detective Haltom:

Q: And when was the first time [Sasser] ever documented any contact with your department?

A: January 30th of 2009.

Q: [Defense counsel] asked you about—other jurisdictions notifying him of his duty to register.... [A]re there any other notations in his registry that shows in fact he [h]as registered in other jurisdictions and thus would have notice of his duty to register?

A: Yes, ma'am.

Q: Where is that? Where and when?

A: April 8th of 2003 in St. Joseph's County, Indiana, and December 5th of 2001, Lake County, Indiana....

Q: Okay, so at least on those dates we know that he knew he had a duty to register?

A: Yes, ma'am.

Tr. p. 76–77. Then, when defense counsel re-cross-examined Detective Haltom, the following colloquy occurred:

Q: And what it also indicates is when he was aware he had to register[,] he did?

A: Yes, sir.

*Id.* at 77.

The trial court found that by asking the above question, defense counsel opened the door to evidence about Sasser's prior convictions for failure to register. The trial court then permitted the State to offer evidence of those convictions, and defense counsel did not object.

Sasser argues that this evidence was inadmissible pursuant to Evidence Rule 404(b) and should not have been admitted. *See* Evid. R. 404(b) (providing that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"). The State's sole argument in support of its position that the admission of the evidence was proper is that defense counsel's question opened the door to evidence of Sasser's prior convictions.[3]

We cannot conclude that defense counsel's question opened the door to evidence of Sasser's prior convictions. Counsel was questioning the witness about "it"—State's Exhibit 6—and attempting to clarify the information that was already admitted as part of that exhibit. This question, which was specifically related to the two instances that had just been testified about in which Sasser registered as required, did not open the door to evidence regarding the other instances in which Sasser did not register as required.

As noted above, Sasser's attorney did not object to the admission of the evidence. But given the fact that this case turned solely on the credibility of the witnesses, we can only conclude that admission of

evidence regarding Sasser's prior convictions for the very crime he was charged with herein was a proverbial poison pill that would have made it nearly impossible for the jury to listen to his version of events objectively and prevented him from receiving a fair trial.[4] Consequently, we find that the admission of this evidence was fundamental error, and remand for a new trial.

## II. *Sufficiency*

■ Next, we will address Sasser's argument that the evidence is insufficient to support a conclusion that he knowingly or intentionally failed to register. In reviewing claims of insufficient evidence, we neither reweigh the evidence nor assess witness credibility, and will affirm unless no rational factfinder could have found the defendant guilty beyond a reasonable doubt. *Clark v. State*, 728 N.E.2d 880, 887 (Ind.Ct.App.2000).

To convict Sasser of class C felony failing to register as a sex offender while having a prior conviction, the State was required to prove beyond a reasonable doubt that Sasser was a sex offender, that he knowingly or intentionally failed to register when required to do so, and that Sasser has a prior unrelated conviction for failure to register. I.C. § 11–8–8–17. Sasser argues that the State failed to prove beyond a reasonable doubt that he knowingly or intentionally failed to register.

Sasser testified that when he moved to Tippecanoe County in the fall of 2008, he went to the Sheriff's Department to inquire about registering. Upon running his

---

**3.** The State conceded at oral argument that it did not argue to the trial court that this evidence was admissible pursuant to one of the exceptions to Rule 404(b).

**4.** We acknowledge that to convict Sasser of class C felony failing to register, it is incum-

bent upon the State to offer evidence of his prior failing to register convictions. I.C. § 11–8–8–17(b). It would be best, however, to bifurcate the portion of the trial related to the instant charge from the portion related to his prior convictions for failing to register.

information through the computer, Detective Haltom told Sasser he did not need to register. Detective Haltom testified, however, that he explained to Sasser that the reason he did not need to register was that he was only a one-time sex offender. Sasser allegedly failed to correct the Detective's misimpression by explaining that, in fact, he had three prior sex offenses.

Several months later, Sasser learned that he did, in fact, have to register. According to Sasser, within forty-five minutes of learning of the requirement, he went to the Sheriff's Department, whose computers were down. He was given Detective Haltom's phone number. Sasser called Detective Haltom multiple times that day and the next;[5] the detective neither answered his phone nor returned the calls. Finally, Sasser left the detective a voicemail explaining that if he did not hear back from the detective, he assumed that he did not have to register.

Detective Haltom, however, testified that he did not recall Sasser's visit to the Sheriff's Department. Furthermore, the detective did not recall that Sasser had left him a voicemail regarding registration. The Detective testified that he would not have sent Sasser home merely because the computers were down.

Approximately two weeks later, the State filed a charge for failure to register. Immediately upon receiving the summons, Sasser went to the Sheriff's Department and officially registered. As is required for homeless people, Sasser continued to register on a weekly basis until being incarcerated on the charges herein. Given this evidence, Sasser argues that the State failed to prove beyond a reasonable doubt that he knowingly or intentionally failed to register.

5. Sasser's cell phone records establish that he did, in fact, make repeated telephone calls to

It is apparent that much, if not all, of this case boils down to an assessment of witness credibility. And that is a task for the jurors, who viewed all of the testimony and apparently found Detective Haltom's version of events to be a more credible one than Sasser's. We cannot and will not second-guess the jurors' decision in this regard, and we find that the evidence was sufficient to support the conviction. Therefore, although we reverse based on the admission of the evidence discussed above, we also remand for a new trial.

The judgment of the trial court is reversed and remanded for a new trial.

VAIDIK, J., and BARNES, J., concur.