Timothy SOUTHWARD, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–1103–CR–106.

Court of Appeals of Indiana.

Nov. 9, 2011.

Susan D. Rayl, Smith Rayl Law Office, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Timothy Southward (Southward), appeals his conviction and sentence for possessing material capable of causing bodily injury while incarcerated, a Class C felony, Ind.Code § 35–44–3–9.5.

We affirm.

### ISSUES

Southward raises three issues for review, which we restate as:

(1) Whether the trial court's admission of evidence pursuant to Indiana Evidence Rule 404(b) constituted fundamental error;

(2) Whether the evidence was sufficient to convict Southward beyond a reasonable doubt; and

(3) Whether Southward's sentence is inappropriate in light of his character and the nature of the crime.

### FACTS AND PROCEDURAL HISTORY

On December 20, 2010, Southward, while incarcerated at the Marion County Jail, began yelling and cussing during his transport to the City–County Building in Indianapolis. Southward was placed in a holding cell and told to be quiet by a corrections officer assisting with the transfer. Southward then announced that he would stab an inmate or an officer if he had a chance. In response, two other corrections officers searched Southward's cell. They found a plastic spoon with its rounded handle altered with the edges ground down.

On December 22, 2010, the State charged Southward with possession of material capable of causing bodily injury by an inmate, a Class C felony. On January 12, 2011, the State filed notice of its intent to introduce evidence under Indiana Evidence Rule 404(b) consisting of photographic and testimonial evidence regarding a broken broomstick fragment found in Southward's cell on October 27, 2010. On January 14, 2011, the trial court held a pre-trial hearing. The trial court ruled that the evidence was admissible to show Southward's motive and intent, but prohibited the State's witnesses from testifying to Southward's remarks about the broomstick or referring to the broomstick as a weapon in their testimony.

On February 3, 2011, a jury trial was held. The trial court revisited the prior ruling on presentation of evidence surrounding the broken broomstick fragment.

It found that such evidence was relevant to Southward's intent, and permitted the State and Southward to argue whether the broken broomstick fragment was a weapon. The jury found Southward guilty as charged. On February 14, 2011, Southward was sentenced to six years imprisonment, all executed.

Southward now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Rule 404(b) Evidence

■ Southward argues that the trial court erroneously admitted Evid.R. 404(b) evidence because he did not place his intent at issue. Our standard of review for rulings on the admissibility of evidence is well settled. Admission or exclusion of evidence rests within the trial court's sound discretion, and its decision is reviewed for an abuse of that discretion. *McClendon v. State*, 910 N.E.2d 826, 832 (Ind.Ct.App.2009), *trans. denied*. The trial court's decision must be clearly erroneous and against the logic and effect of the facts and circumstances before it constitutes an abuse of discretion. *Id.*

■ However, as Southward recognizes, he did not object at the time testimony regarding the broken broomstick fragment was given. To avoid waiver of review, Southward invokes the fundamental error doctrine, which permits appellate review of otherwise procedurally defaulted claims. *See Sasser v. State*, 945 N.E.2d 201, 203 (Ind.Ct.App.2011). The fundamental error doctrine is "extremely narrow," requiring an error "so prejudicial that a fair trial is impossible." *Id.* Blatant violations of basic principles, coupled with substantial potential or actual harm and denial of due process constitute fundamental error. *Id.*

Evid.R. 404(b) provides, "evidence of other crimes, wrongs, or acts is not admis-sible to prove the character of a person in order to show action in conformity therewith." Use of Evid.R. 404(b) evidence carries with it the risk of the "forbidden inference" that a person's bad act on a prior occasion shows that the act now at issue conforms with such person's propensity to commit said bad acts. *Payne v. State*, 854 N.E.2d 7, 18 (Ind.Ct.App.2006). Evid.R. 404(b) evidence is not wholly precluded, however, and may be admissible for other purposes, including proof of intent. *Id.* In such case, the trial court must find that the Evid.R. 404(b) evidence is relevant to an issue other than propensity, and balance such evidence's probative value against its prejudicial effect under Indiana Evidence Rule 403. *Id.* at 18–19.

■ Here, the trial court found evidence of Southward's prior possession of a sharpened broomstick while incarcerated relevant to show Southward's intent to commit the charged crime of possessing a spoon with an altered handle while incarcerated. As noted above, although Evid.R. 404(b) evidence is admissible for purposes other than propensity, certain additional safeguards apply where Evid.R. 404(b) evidence is used to show intent. *Id.* at 19. Prior to the introduction of Evid.R. 404(b) evidence, the accused must place intent at issue by alleging a particular contrary intent. *Id.* (citing *Wickizer v. State*, 626 N.E.2d 795, 799 (Ind.1993)). More than a simple denial of the charges, the defendant must affirmatively place his intent at issue. *Id.* Contrary intent can be advanced by the defendant during trial, whether in his opening statements, cross-examination of the State's witnesses, or case-in-chief. *Id.* Unfortunately, the transcript does not include records of voir dire or Southward's opening statement, and Southward elected not to present evidence at trial. We are therefore left to examine Southward's cross-examination of the State's witnesses

and his closing argument to determine whether he placed his intent at issue.

■ As a preliminary step, we must first determine the applicable intent under I.C. § 35–44–3–9.5, which provides:

A person who knowingly or intentionally while incarcerated in a penal facility possesses a device, equipment, a chemical substance, or other material that:

(1) is used; or

(2) is intended to be used;

in a manner that is readily capable of causing bodily injury commits a Class C felony. However, the offense is a Class B felony if the device, equipment, chemical substance, or other material is a deadly weapon.

Under our prior interpretations of I.C. § 35–44–3–9.5, the applicable statutory intent is the intent to possess a device. *Phillips v. State*, 875 N.E.2d 480, 481–82 (Ind.Ct.App.2007), *trans. denied; Abney v. State*, 822 N.E.2d 260, 265 (Ind.Ct.App. 2005), *trans. denied, disapproved of on other grounds, Ryle v. State*, 842 N.E.2d 320 323, fn. 5 (Ind.2005), *cert. denied,* 549 U.S. 836, 127 S.Ct. 90, 166 L.Ed.2d 63 (2006). In both *Phillips* and *Abney* we found that the phrase " 'intended to be used' describes the device, not the intent required for conviction." *Phillips*, 875 N.E.2d at 482; *Abney*, 822 N.E.2d at 265. By implication, the quality of the device is an element separate from that of intent.

■ We agree with Southward that he did not place his intent at issue.[1] The State contends that Southward's closing argument downplayed the broken broomstick and the altered spoon as weapons and thus put his intent "in keeping these sorts of items in his cell" at issue. (Appellee's Br.

p. 7). Southward argues that his defense was "that the spoon was not a dangerous material, [and] not that he did not intend to use the spoon as a weapon." (Appellant's Br. p. 10). Based on the record before us, it appears that Southward did not deny or otherwise contest that he possessed the altered spoon. As we said in *Phillips*, the intent required for a conviction is the intent to possess the device. *Phillips*, 875 N.E.2d at 482. The quality of the device—whether a weapon, dangerous, or capable of bodily injury—itself is a separate issue. *Id.* Therefore, evidence that Southward previously had a broken broomstick fragment secreted in his cell would not have been admissible under Evid.R. 404(b) to show Southward's intent to possess the altered spoon because Southward did not contest possession, only the quality of the altered spoon.

■ Although we find the trial court abused its discretion by admitting the Evid.R. 404(b) evidence based on the intent exception, we do not find that this rises to the level of fundamental error. Southward directs us to *Sasser*, a case finding fundamental error based on the erroneous admission of Evid.R. 404(b) evidence. *Sasser*, 945 N.E.2d at 204. In *Sasser*, fundamental error existed because the case "turned solely on" conflicting witness testimony. *Id.* The State offered a detective's testimony that Sasser failed to register as a sex offender and evidence of Sasser's prior convictions for failure to register as a sex offender. *Id.* Sasser offered testimony that he registered. *Id.*

*Sasser* is distinguishable from the facts of this case. Here, the 404(b) evidence consisted of a photo of the broken

1. Southward also argues that the Evid.R. 404(b) evidence was not properly admissible to prove motive, and even if admissible to show intent or motive, it was also unfairly

prejudicial. Because we find that Southward did not place his intent at issue, we do not address these contentions.

broomstick fragment and the cell in which it was found along with testimony from a single corrections officer regarding the same. In addition to Evid.R. 404(b) evidence, the State offered photos of the altered spoon and the testimony of three other corrections officers regarding the altered spoon, the circumstances surrounding its discovery, as well as Southward's statement that he would stab an inmate or a corrections officer if given a chance. Given the amount of evidence separate and apart from the prior incident, we are confident that the jury was able to overlook any prejudicial aspects of the erroneously admitted Evid.R. 404(b) evidence and concentrate solely on the photos and testimony offered by corrections officers concerning the altered spoon. Accordingly, we cannot say that the error in admitting the Evid.R. 404(b) evidence was so prejudicial as to result in a denial of Southward's due process rights, and accordingly find that the admission of the Evid.R. 404(b) evidence did not constitute fundamental error.

## II. *Sufficiency of the Evidence*

Southward also argues that there was insufficient evidence to support his conviction. Our standard of review for sufficiency of the evidence claims is well-established. We do not reweigh the evidence or judge the credibility of the witnesses. *Perez v. State,* 872 N.E.2d 208, 212–13 (Ind.Ct.App.2007), *trans. denied.* Only that evidence which is most favorable to the verdict as well as reasonable inferences drawn therefrom will be considered. *Id.* at 213. We will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.* We will reverse only if reasonable persons could not form inferences for each material element of the crime. *Id.*

As discussed above, the State was required to prove beyond a reasonable doubt that Southward (1) was incarcerated; (2) knowingly or intentionally possessed a device; (3) which was used or intended to be used in a manner readily capable to inflict bodily harm. I.C. § 35–44–3–9.5. Here, the State offered evidence regarding all of the foregoing elements, and Southward only contested the quality of the spoon as a dangerous weapon. To the extent Southward argues that the altered spoon was no more capable of causing injury than an unaltered spoon, he is merely asking us to reweigh the evidence, which we may not do on appeal. *Perez,* 872 N.E.2d at 212–13. Both testimonial evidence and evidence of the altered state of the spoon are sufficient to sustain Southward's conviction. We therefore conclude that Southward has not shown the existence of insufficient evidence to disturb his conviction.

## III. *Appropriateness of the Sentence*

Finally, Southward argues that his sentence is inappropriate in light of the nature of the offense and his character. We review sentences within the statutory range for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind.2007). Even if the sentence is found to be within trial court's discretion, Indiana Appellate Rule 7(B) enables appellate review of the appropriateness of a sentence authorized by statute. *Id.* at 491. After due consideration of the trial court's decision, if we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender, Rule 7(B) permits revision of that sentence. *Id.* A defendant has the burden to persuade the appellate court of the inappropriateness of the sentence. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind.2006).

To review the nature of the offense, we consider the advisory sentence for the crime as the starting point to determine appropriateness. *Id.* at 1081. Southward was convicted of a Class C felony. A sentence for a Class C felony ranges from two to eight years, with an advisory sentence of four years. I.C. § 35–50–2–6(a). By sentencing Southward to six years, the trial court imposed a sentence two years greater than the advisory sentence. Southward urges us to find that his sentence is inappropriate as it is based on a mere spoon with an altered handle not fully sharpened. That the altered spoon was not yet sharp enough to become credibly dangerous is not a persuasive argument. Thus, the nature of his offense does not give rise to revision of Southward's sentence.

More telling is Southward's character. Southward argues that prolonged incarceration would be a hardship on his dependent children, and that his mental health disorders, including oppositional defiant disorder, as well as neglect and abuse by foster parents, invite the court's sympathy. Southward was 22 years old when the crime occurred; yet, he has amassed six true findings as a juvenile, two prior felony convictions for robbery, as well as a misdemeanor conviction for battery. At the time of this case, Southward had pending charges for two felonies and one misdemeanor. He was on parole pending this case. Throughout his history of incarceration, Southward received 29 disciplinary citations in the Department of Correction and 56 disciplinary citations in the Marion County Jail. Southward's criminal history, in sum, does not convince us that his sentence is inappropriate. We therefore decline Southward's invitation to disturb his sentence on the basis of inappropriateness.

## CONCLUSION

Based on the foregoing, we conclude that the admission of Evid.R. 404(b) evidence did not constitute fundamental error. We further conclude that the evidence was sufficient to convict Southward of possessing material capable of causing bodily injury while incarcerated, and that Southward's sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

NAJAM, J. and MAY, J. concur