## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert A. Olson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 24, 2015

Court of Appeals Case No.
03A01-1504-CR-155

Appeal from the Bartholomew
Circuit Court

The Honorable Stephen R.
Heimann, Judge

Trial Court Cause No.
03C01-1010-FD-2276

**Pyle, Judge.**

# Statement of the Case

Robert A. Olson ("Olson") appeals the trial court's order revoking his probation and ordering him to serve his previously suspended eighteen-month sentence in the Department of Correction. While on probation from a Class D felony operating a vehicle while intoxicated ("OVWI") conviction, Olson committed another OVWI offense and then fled to Florida, where he committed yet another OVWI offense. After the State extradited him back to Indiana, Olson pled guilty to and was convicted of the Indiana OVWI offense, and he admitted to violating probation. The trial court revoked Olson's probation and ordered him to serve his previously suspended sentence. Olson now appeals the trial court's imposition of his entire suspended sentence. Concluding that the trial court did not abuse its discretion by ordering Olson—who had five OVWI convictions—to serve his previously suspended sentence, we affirm the trial court's revocation of Olson's probation.

Affirmed.

# Issue

Whether the trial court abused its discretion by ordering Olson to serve his previously suspended sentence.

# Facts

In March 2010, the State charged Olson with Class D felony OVWI. After Olson failed to appear for his initial hearing, the trial court issued an arrest warrant. In July 2010, Olson appeared for his initial hearing and was then

released by the trial court. Thereafter, Olson failed to appear at a scheduled status hearing and pretrial hearing. The trial court again issued a warrant for Olson's arrest. In September 2010, the State served the warrant on Olson and transported him from the Jennings County Jail.

[4] In February 2010, Olson pled guilty to the Class D felony OVWI as charged. In March 2011, the trial court imposed a sentence of eighteen (18) months, which was suspended to probation. The trial court also ordered Olson to serve four (4) days in jail and placed him in Bartholomew County Community Corrections for six (6) months. As part of Olson's probation, he was to complete thirty-two (32) hours of community service, participate in a substance abuse program, refrain from consuming alcohol, and pay restitution and extradition fees.

[5] Five months later, in August 2011, the State filed a notice of probation violation, alleging that Olson had violated his probation by: (1) consuming alcohol; (2) committing a new Class D felony OVWI offense in Bartholomew County ("2011 OVWI case") and failing to report it to the probation department;[1] (3) failing to complete recommended services; (4) failing to complete required community service hours; and (5) being behind in paying his fees. Upon learning of the revocation petition, Olson fled to Florida. When

---

[1] This offense was filed under cause number 03C01-1108-FD-4604.

Olson failed to appear at his September 2011 initial probation revocation hearing, the trial court issued a warrant for his arrest.

[6] Three years later, in October 2014, the State located Olson after he was arrested in Florida for yet another OVWI offense ("2014 Florida OVWI").[2] The State then extradited him back to Indiana to appear for his revocation hearing and his 2011 OVWI case.

[7] In a joint hearing held on February 2, 2015, Olson pled guilty to the lesser included offense of Class C misdemeanor in his 2011 OVWI case, and he admitted to violating probation in this current case on appeal.[3] The trial court determined that Olson "violate[d] the terms of his probation by consuming alcohol in August 2011; committing Operating a Vehicle while Intoxicated, a Class C Misdemeanor on August 20, 2011 and not completing the recommended community service hours." (App. 7).

[8] On March 26, 2015, the trial court held another joint hearing on the probation revocation and the 2011 OVWI case. During this hearing, the trial court revoked Olson's probation and ordered him to serve the balance of his previously suspended eighteen month sentence in the Department of Correction. When doing so, the trial court explained its reasoning as follows:

---

[2] According to Olson, he was convicted of the OVWI offense in Florida and given one year of probation.

[3] Olson did not request the trial court reporter to transcribe this February 2015 hearing; thus, the transcript of this hearing is not before us as part of the record on appeal. As a result, any facts regarding this hearing will come from the chronological case summary ("CCS").

"[W]e've had to extradite you twice on these cases. You absconded immediately after violating your probation . . . [Y]ou've had five DUIs and have had two since you have been on probation in this case." (Tr. 32). For Olson's 2011 OVWI case, the trial court suspended his license and sentenced him to sixty days with credit for time served. Olson now appeals from his probation revocation case.

## Decision

Olson argues that the trial court erred by ordering him to serve his previously suspended sentence.

Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[11]    Citing to *Anglemyer v. State*, 875 N.E.2d 482 (Ind. 2007), Olson suggests that the trial court should have given "mitigating weight" to his admission that he violated the terms of his probation. (Olson's Br. 4). "*Anglemyer,* however, applies to the imposition of an initial sentence—not a sentence imposed following the revocation of probation." *Berry v. State*, 904 N.E.2d 365, 366 (Ind. Ct. App. 2009). Instead, here, the trial court ordered Olson to serve the suspended balance of his already imposed sentence, which he cannot collaterally attack. *See id.* (citing *Stephens v. State*, 818 N.E.2d 936, 939 (Ind. 2004) (observing that a defendant cannot collaterally attack a sentence on appeal from a probation revocation)).[4]

[12]    The record reveals that the trial court had ample basis for its decision to order Olson to serve his previously suspended sentence in the Department of Correction. Here, Olson's violation of his probation was based, in part, on his consumption of alcohol and the commission of the 2011 OVWI case in Indiana, which is the same type of offense as the one for which he was placed on probation. Indeed, during the final revocation hearing, the trial court specifically told Olson its reasoning for ordering him to serve his suspended sentence, which included the fact that Olson had five OVWI convictions and

---

[4] We also reject Olson's reliance on *Puckett v. State*, 956 N.E.2d 1182 (Ind. Ct. App. 2011), as the facts of that case are distinguishable from this case. In *Puckett*, we held that a special judge in the defendant's probation revocation hearing had "consider[ed] multiple improper factors" such as whether the original plea accepted by the original trial judge was too lenient. *Puckett*, 956 N.E.2d at 1189. Here, however, we have no such circumstances.

had absconded to Florida after violating probation and avoided the revocation allegations for three years.

[13] Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Olson to serve his previously suspended sentence. For the foregoing reasons, we affirm the trial court's revocation of Olson's probation.

[14] Affirmed.

Vaidik, C.J., and Robb, J., concur.