# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2015, 9:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas H. Molina, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 10, 2015 <br><br> Court of Appeals Case No. 84A05-1504-CR-164 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable David R. Bolk, Judge <br><br> Trial Court Cause No. 84D03-1402-FA-520 |

**Kirsch, Judge.**

[1] Thomas H. Molina ("Molina") was convicted after a jury trial of child molesting[1] as a Class A felony, child molesting[2] as a Class C felony, and one count of child solicitation[3] as a Class D felony and sentenced to an aggregate term of thirty years executed. He appeals, raising the following restated issue: Whether the trial court's admission of video evidence pursuant to Indiana Evidence Rule 404(b) constituted fundamental error.

[2] We affirm.

## Facts and Procedural History

[3] In 2010, when C.H. was eleven years old, she lived with her mother and stepfather, Molina. At that time, C.H.'s mother was pregnant with Molina's child. In January 2014, C.H. made an allegation of sexual abuse to the authorities. C.H. told police that, in 2010, Molina asked her if she wanted to have sex with him on several occasions. Additionally, during the same period in 2010, Molina instructed C.H. to go into the bedroom with him, and he touched her with a vibrator outside her clothing in the vaginal area. Molina then put his hand down C.H.'s pants, and she felt him digitally penetrate her. When C.H. told Molina to stop, he complied, but became very angry with her

---

[1] Ind. Code 35-42-4-3(a)(1).

[2] Ind. Code 35-42-4-3(b).

[3] Ind. Code 35-42-4-6(b)(1).

and told her to leave.  No further sexual contact occurred between C.H. and Molina after this incident.

[4]  The police also spoke to C.H.'s mother, who later provided them with a video camcorder, which she believed had only been used by Molina.  The police discovered that the camcorder's memory contained two videos of C.H. that appeared to have been filmed through a crack in the bathroom floor of the home in which Molina lived with C.H. and C.H.'s mother.  The brief videos show C.H. toweling-off after a shower and include images of her naked pubic area and chest.  Additionally, the record shows that Molina purchased the camcorder, and no one in the household other than Molina could have filmed the videos at issue.

[5]  On February 28, 2014, the State charged Molina with child molesting as a Class A felony, child molesting as a Class C felony, and two counts of child solicitation, each as a Class D felony.  Prior to trial, Molina filed a motion in limine under Indiana Evidence Rule 404(b) to prohibit any allegations or exclude any evidence that did not involve the victim of the charged offenses, C.H.  The trial court granted Molina's request.

[6]  A jury trial was held on February 24 and 25, 2015.  During the trial, Molina did not object to testimony regarding the two videos.  However, Molina objected to the admission of the actual videos arguing that they were irrelevant, unduly prejudicial, and the chain of custody was insufficient.  The trial court admitted the videos over Molina's objections.

At the conclusion of the trial, the jury found Molina guilty of child molesting as a Class A felony, child molesting as a Class C felony, and one count of child solicitation as a Class D felony. Molina was later sentenced to thirty years for child molesting as a Class A felony, four years for child molesting as a Class C felony, and eighteen months for child solicitation as a Class D felony. The trial court ordered the three sentences to be served concurrently for an aggregate sentence of thirty years executed. Molina now appeals.

## Discussion and Decision

Molina argues that the trial court erroneously admitted evidence consisting of two surreptitiously filmed videos of C.H. bathing. The trial court has broad discretion in ruling on the admission or exclusion of evidence. *Gutierrez v. State*, 961 N.E.2d 1030, 1034 (Ind. Ct. App. 2012). On review, we will only disturb such a ruling upon a showing of an abuse of discretion by the trial court. *Id*. An abuse of discretion occurs when the trial court's ruling is clearly against the facts, logic, and circumstances presented. *Oatts v. State*, 899 N.E.2d 714, 719 (Ind. Ct. App. 2009). However, as Molina recognizes, he did not adequately preserve the issue for appeal because he failed to object to the initial testimony describing the videos. To avoid waiver of review, Molina invokes the fundamental error doctrine, which permits appellate review of otherwise procedurally deficient claims. *Sasser v. State*, 945 N.E.2d 201, 203 (Ind. Ct. App. 2011), *trans. denied*. The fundamental error doctrine is extremely narrow and requires an error "so prejudicial that a fair trial is impossible." *Southward v. State*, 957 N.E.2d 975, 977 (Ind. Ct. App. 2011). "Blatant violations of basic

principles, coupled with substantial actual or potential harm and the denial of due process constitutes fundamental error." *Id.*

[9]   Molina asserts that the videos were inadmissible character evidence pursuant to Indiana Evidence Rule 404(b). He argues that the video evidence was improperly used to show Molina's propensity to sexually abuse C.H. and his sexual depravity. Indiana Evidence Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence, however, may be admissible for other purposes including, proof of motive, or to help the jury understand the defendant's relationship with the victim. *See Southward*, 957 N.E.2d at 977. "In assessing the admissibility of Evidence Rule 404(b) evidence, the trial court must (1) determine whether the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) balance the probative value of the evidence against its prejudicial effect." *Baker v. State*, 997 N.E.2d 67, 70 (Ind. Ct. App. 2013). The well-established rationale behind the rule is "to prevent the jury from assessing a defendant's present guilt on the basis of his propensities -- the so-called forbidden inference." *Ceaser v. State*, 964 N.E.2d 911, 915 (Ind. Ct. App. 2012).

[10]  The State argues that the video evidence illustrated how Molina "sexualized his juvenile stepdaughter," and is direct evidence of Molina's "motive to commit the charged crimes and [his] relationship with C.H." *Appellee's Br*. at 7, 10. We agree. Here, the videos show the same victim as the charged offenses in the

same home in which C.H. and Molina were living during the relevant time period. Moreover, Molina admits that the "creator of the videos . . . clearly . . . intended to use the videos for his own sexual desires." *Id*. at 11.

[11] Additionally, Molina claims that the videos were irrelevant and unrelated to the offenses in question because they were created some time after the offenses took place. Specifically, Molina contends that the "content of the videos could not have been the impulse that induced [him] to commit the offenses because they were created after the offenses occurred." We disagree. "Although cases typically involve the issue of whether *prior* bad acts of the defendant are admissible, the wording of Trial Rule 404(b) does not suggest that it only applies to prior bad acts and not subsequent ones." *Southern v. State*, 878 N.E.2d 315, 322 (Ind. Ct. App. 2007) (emphasis in original), *trans. denied*. Therefore, when determining the admissibility of evidence of subsequent crimes or wrongs, it is appropriate to use the Indiana Evidence Rule 404(b) test. *Id*.

[12] While the video evidence that was admitted at trial was undoubtedly prejudicial, it was also highly probative of Molina's perpetration of the charged of offenses. The videos of C.H. surreptitiously taken by Molina were relevant direct evidence of Molina's relationship with C.H. and motive. Finding that the evidence is admissible under Indiana Evidence Rule 404(b), we conclude that Molina failed to establish fundamental error on this point.

[13] Finally, Molina argues that the trial court erred when it admitted the video evidence under Indiana Evidence Rule 404(b) without a limiting instruction.

However, as Molina recognizes, he did not request that a limiting instruction be given at the time the evidence was admitted. Consequently, Molina must show that the court's failure to issue a limiting instruction was fundamental error in order to avoid waiver of review.

[14] "Our evidence rules place the onus for securing a limiting admonition on the parties." *Humphrey v. State*, 680 N.E.2d 836, 839 (Ind. 1997). Indiana Evidence Rule 105 provides that "[w]hen evidence [that] is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, *upon request,* shall restrict the evidence to its proper scope and admonish the jury accordingly." (Emphasis added). The trial court is not precluded from giving a limiting instruction *sua sponte*, but Indiana Evidence Rule 105 does not impose an affirmative duty to do so. *Humphrey*, 680 N.E.2d at 839. Additionally, there are policy reasons for leaving the decision of securing a limiting instruction on the parties. *Id*. There are some cases where trial strategy may dictate not requesting a limiting instruction because it may do more harm than good by highlighting an undesirable aspect of the evidence for the jury. *Id*. Imposing a *sua sponte* duty on trial courts to instruct the jury whenever a limited admissibility situation arises would effectively take strategic decisions better left to the parties out of their hands. *Id*. Accordingly, the trial court did not err, nor did it commit a fundamental error, when it failed to give a limiting instruction *sua sponte*. Affirmed.

Najam, J., and Barnes, J., concur.