## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 15 2015, 5:39 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Lisa M. Johnson<br>Brownsburg, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>George P. Sherman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Walter Havvard,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 15, 2015<br><br>Court of Appeals Case No.<br>49A02-1503-CR-127<br><br>Appeal from the Marion County<br>Superior Court<br><br>The Honorable Shatrese M.<br>Flowers, Judge<br><br>The Honorable Peggy R. Hart,<br>Commissioner<br><br>Trial Court Cause No.<br>49G20-1006-FA-048517 |

**Pyle, Judge.**

Walter Havvard ("Havvard") appeals his conviction, after a jury trial, for dealing in cocaine as a Class A felony.[1] Havvard argues that there was insufficient evidence proving that he constructively possessed cocaine. In addition, he claims that the search warrant in his case was invalid and that the trial court committed fundamental error in allowing certain testimony. Concluding that sufficient evidence supported his conviction, that he failed to preserve his challenge to the search warrant for appeal, and that no fundamental error occurred, we affirm Havvard's conviction.

We affirm.

## Issues

1. Whether sufficient evidence supports Havvard's conviction.

2. Whether Havvard preserved his challenge to the search warrant for appeal.

3. Whether the trial court erred in admitting certain evidence.

## Facts

On June 18, 2010, narcotics detectives with the Indianapolis Metropolitan Police Department served a search warrant at 427 West Bernard Street. A court issued the search warrant on June 17 after detectives had conducted two controlled buys at the house within the prior week. Havvard was the only person in the house when the officers served the warrant. Detective James

---

[1] IND. CODE § 35-48-4-1(a)(2). We note that effective July 1, 2014, the legislature enacted a new dealing in cocaine statute and that Class A felony dealing in cocaine, in this instance, is now a Level 2 felony. Because Havvard committed his crimes in 2010, we will apply the statute in effect at that time.

Fiscus ("Detective Fiscus") read Havvard a copy of the search warrant and advised him of his *Miranda* rights.

[4] Detectives searched the kitchen and found two plastic baggies on a shelf in a cabinet. One of the baggies contained 7.6922 grams of cocaine, and the other contained 4.4152 grams of cocaine. Another baggie in the kitchen contained .3941 grams of cocaine. In a cabinet next to the kitchen sink, detectives located two Pyrex measuring cups containing cocaine residue. Havvard's fingerprint was found on the measuring cups. The detectives also found over 400 grams of marijuana, an assault rifle, digital scales, and approximately $200 in cash.

[5] On June 23, 2010, the State charged Havvard with Class A felony dealing in cocaine, Class A felony possession of cocaine, Class C felony possession of cocaine and a firearm, Class B felony unlawful possession of a firearm by a serious violent felon, Class D felony dealing in marijuana, and Class D felony possession of marijuana. On June 7, 2011, the State alleged that Havvard was an habitual offender. On November 6, 2013, Havvard filed a motion to suppress, which the trial court denied on November 14, 2013.

[6] On February 11, 2014, the State added a charge of Class A felony conspiracy to commit dealing in cocaine and amended the possession of cocaine charge to a Class C felony. Havvard's first trial was held on May 20-21, 2014 and resulted in a mistrial because the jury could not reach a unanimous verdict. Havvard's second trial was held on November 18-19, 2014.

[7] During the second trial, Detective Ryan Clark ("Detective Clark"), testified as an expert witness and explained to the jury how the evidence recovered at 427 Bernard was indicative of someone dealing drugs. In addition, Detective Fiscus testified that after reading the search warrant and being advised of his *Miranda* rights, Havvard stated that he did not want to talk to the detective and that, "He didn't live there." (Tr. 425). Havvard did not object to either detectives' testimony. The jury convicted Havvard as charged.

[8] At sentencing, the State dismissed all of the charges except for the dealing in cocaine charge and the habitual offender enhancement. The trial court entered judgment of conviction on the dealing charge and sentenced Havvard to thirty (30) years executed. The trial court also enhanced Havvard's sentence for dealing cocaine by an additional thirty (30) years for being an habitual offender, for an aggregate sentence of sixty (60) years executed. Havvard now appeals.

# Decision

[9] Havvard appeals his conviction for dealing in cocaine as a Class A felony. On appeal, he claims that: (1) there was insufficient evidence to establish that he constructively possessed the cocaine found in the house; (2) the search warrant was invalid; and (3) the trial court erred in admitting certain evidence. We address each of his arguments in turn.

## 1. Sufficiency of the Evidence

[10] Havvard argues that insufficient evidence supports his conviction for dealing in cocaine.

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the [jury's verdict]. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

[11] To convict Havvard as charged, the State was required to prove that he knowingly possessed cocaine in an amount greater than three (3) grams with the intent to deliver said cocaine. I.C. § 35-48-4-1(a)(2); (App. 10). Havvard was not in actual possession of the cocaine found in the house. Thus, the State was required to prove that Havvard constructively possessed the cocaine. Evidence of constructive possession is sufficient where the State proves that the defendant had the intent and capability to maintain dominion and control over the contraband. *Hardister v. State*, 849 N.E.2d 563, 573 (Ind. 2006).

[12] The intent element of constructive possession is shown if the State demonstrates the defendant's knowledge of the presence of the contraband. *Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999). A defendant's knowledge may be inferred from either the exclusive dominion and control over the premise containing the

contraband, or if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of contraband. *Id*. These additional circumstances may include: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the drugs; (5) drugs in plain view; and (6) location of the drugs in close proximity to items owned by the defendant. *Hardister*, 849 N.E.2d at 574. The capability element of constructive possession is met when the State shows that the defendant is able to reduce the controlled substance to the defendant's personal possession. *Goliday*, 708 N.E.2d at 6.

[13] Here, the baggies containing cocaine, the Pyrex measuring cup containing cocaine residue, and the digital scale support a reasonable inference that the house was a drug manufacturing setting. In addition, Havvard was the only person in the house, and his fingerprint was on one of the measuring cups. Thus, there is a reasonable inference that he knew the cocaine was present in the house and had the intent possess it. Accordingly, sufficient evidence supports Havvard's constructive possession of the cocaine, and in turn, his dealing in cocaine conviction.

### 2. Search Warrant

[14] Next, Havvard argues that the search warrant used in his case was invalid because the affidavit supporting the warrant did not establish probable cause to search the house. However, Havvard did not preserve this argument for appeal.

When dealing with evidence alleged to have been illegally seized, a contemporaneous objection at the time the evidence is introduced at trial is required to preserve the issue for appeal, regardless of whether a motion to suppress was filed. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). The purpose of this rule is to allow the trial judge to consider the issue in light of any fresh developments and also to correct errors. *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000). Here, Havvard did not object when the search warrant or any other evidence was introduced at trial. Rather, he affirmatively stated that he had no objection. Accordingly, Havvard waived his ability to challenge the search warrant on appeal. *See, e.g.*, *Brown*, 929 N.E.2d at 207 (holding that the defendant was not allowed to challenge admissibility of evidence on appeal where he affirmatively stated he had no objection to evidence offered at trial).

### 3. Admissibility of Evidence

Finally, Havvard asserts that the trial court erred by allowing Detective Clark's improper opinion testimony and allowing Detective Fiscus to use his post-*Miranda* silence against him. Generally, a trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. *Hope v. State*, 903 N.E.2d 977, 991 (Ind. Ct. App. 2009), *trans. denied*. We will reverse a trial court's decision only if it is clearly against the logic and effect of the facts and circumstances of the case. *Id.* Even if the decision was an abuse of discretion, we will not reverse if the admission of evidence constituted harmless error. *Id.*

We note that Havvard did not object when any of the challenged testimony was offered. Failure to object to evidence at trial results in waiver of the issue for

appellate review unless admitting the evidence constituted fundamental error. *Southward v. State*, 957 N.E.2d 975, 978 (Ind. Ct. App. 2011). The fundamental error doctrine is exceedingly narrow. *Id.* "Fundamental error is an error that makes a fair trial impossible or constitutes clearly blatant violations of basic and elementary principles of due process presenting an undeniable and substantial potential for harm." *Clark v. State*, 915 N.E.2d 126, 130 (Ind. 2009).

[18] Regarding the improper opinion testimony, Havvard claims that Detective Clark offered an opinion regarding Havvard's guilt. Indiana Evidence Rule 704(b) provides that "[w]itnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions." However, we have stated:

> a police officer or law enforcement official who is offered and qualified as an expert in the area of drugs, drug trade, drug trafficking, etc., may offer testimony as to whether particular facts tend to be more or less consistent with dealing in drugs. However, the expert may not make conclusions as to whether the defendant is a dealer or whether the defendant had the intent to deal or deliver. . . . In essence, the expert may comment on the facts of the case, but must refrain from making any conclusions as to the defendant's intent, guilt, or innocence.

*Scisney v. State*, 690 N.E.2d 342, 346 (Ind. Ct. App. 1997), *aff'd in relevant part*, 701 N.E.2d 847 (Ind. 1998).

[19] Here, Detective Clark did what precedent allows him to do. That is, he commented on the facts of the case and stated that those facts were consistent

with trafficking cocaine and marijuana. *Cf. Williams v. State*, 48S05–*1507*–CR– 424, 2015 WL 6447736 at 3–4 (Ind. Oct. 26, 2015) (holding that detective's testimony was inadmissible where he stated that, "there's zero doubt in my mind that that was a transaction for cocaine"). Because Detective Clark made no specific statements declaring Havvard's guilt, no error, let alone fundamental error, occurred. *See, e.g., id.*

[20] Lastly, Havvard claims that the trial court allowed Detective Fiscus to use his post-*Miranda* silence for impeachment purposes or as substantive evidence, violating *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240 (1976). In *Doyle*, the United States Supreme Court held that using a defendant's post-arrest, post-*Miranda* silence to impeach an exculpatory story told for the first time at trial violates that defendant's due process rights. *Id. Doyle* "rests on 'the fundamental unfairness of implicitly assuring a suspect that his silence will not be used against him and then using his silence to impeach an explanation subsequently offered at trial.'" *Wainwright v. Greenfield*, 474 U.S. 284, 291, 106 S.Ct. 634, 638 (1986) (quoting *South Dakota v. Neville*, 459 U.S. 553, 565, 103 S.Ct. 916, 923 (1983)).

[21] Again, we find no error, let alone fundamental error, occurred. Here, Detective Fiscus testified that he read Havvard his *Miranda* rights, that Havvard told him that he did not want to talk to the detective, and that he did not live in the house. While Havvard claims that even mentioning his post-*Miranda* silence is error, we have held that "a jury's knowledge that a defendant initially remained silent is not a problem when that knowledge is not used to subvert the defense

in *Doyle* fashion." *Mendenhall v. State*, 963 N.E.2d 553, 565 (Ind. Ct. App. 2012), *trans. denied*.

[22] To subvert Havvard's defense in a *Doyle* fashion, the State would have had to use his silence to impeach an explanation offered by Havvard at trial. *See Wainwright*, 474 U.S. 291. However, Havvard did not testify at trial, and he does not call our attention to any defense offered that the State impeached with his silence. Accordingly, no *Doyle* violation occurred, and we affirm Havvard's conviction.

Affirmed.

Vaidik, C.J., and Robb, J., concur.