Thomas W. CONRAD, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–1004–CR–188.

Court of Appeals of Indiana.

Dec. 17, 2010.

---

Peter D. Todd, Elkhart, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Angela N. Sanchez, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Thomas W. Conrad ("Conrad") appeals his conviction for criminal deviate conduct, as a Class B felony.[1] We affirm.

### Issue

Conrad presents a single issue for our review, which we restate as whether the trial court's ruling precluding Conrad from eliciting certain testimony pursuant to Indiana Rule of Evidence 412 deprived him of his right to confront his accuser under the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Indiana Constitution.

### Facts and Procedural History

On March 2, 2007, S.L.'s friend Adam Brown ("Brown") invited S.L. to a party at the home of his mother and stepfather, Tim Scott ("Scott"). S.L. arrived shortly before midnight, played pool, talked with her friends, and drank liquor to the point that she became, as she put it, "extremely intoxicated." (Tr. 588.) While S.L. was there, Conrad, a relative of Scott's brother, arrived at the party sometime between 1 and 2 a.m. on March 3, 2007.

At some point after 2 a.m., S.L. fell asleep on a sectional sofa near the pool table. Still intoxicated, she awoke to find her pants pulled down to her knees, her underwear missing, and Conrad penetrating her vagina with his hand, and then with his tongue. S.L. was terrified, unable to call out for help, and passed out when Conrad stopped after Scott told him to put S.L.'s pants back on.

S.L. filed a police report on March 5, 2007. On July 9, 2007, Conrad was charged with two counts of Criminal Deviate Conduct, as Class B felonies.

A jury trial was conducted from February 16, 2010, through February 18, 2010. At trial, Conrad sought to introduce testimony that another partygoer, Scott Nagle ("Nagle"), had been "making out"[2] with S.L. during the party just before Conrad himself became involved with her. Excusing Conrad's failure to file a written notice of intent to introduce such testimony, the trial court ruled *in limine* that such evidence could not be introduced, citing Evidence Rules 412 and 403. Conrad made three offers of proof as to S.L.'s conduct with Nagle—during S.L.'s testimony, Scott's testimony, and his own testimony. The trial court reaffirmed its evidentiary ruling after each of these, stating that the testimony Conrad sought to introduce was precluded under Rule 412 and was impermissibly prejudicial under Rule 403.

---

1. See Ind.Code § 35–42–4–2(a)(2).

2. According to Scott's testimony during one offer of proof, the behavior included Nagle "kissing, making out, feeling down there" on S.L., and S.L. "rubbing on him." (Tr. 718.)

The jury found Conrad guilty on both counts. On March 29, 2010, the trial court vacated the jury's finding of guilt as to Count II, entered judgment as to Count I, and sentenced Conrad to twelve years imprisonment.

This appeal followed.

## Discussion and Decision

Conrad appeals the trial court's rulings at trial restricting him from eliciting testimony regarding S.L.'s prior conduct with other partygoers on March 3, 2009. Conrad also claims that a question asked by the State to which he objected but upon which the trial court declined to rule, instead permitting the State to reframe its question, was improper and compounded the trial court's error.

We afford broad discretion to a trial court's decisions on whether to admit or exclude evidence, and review such decisions for abuse of discretion. An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the facts and circumstances before it. *Oatts v. State*, 899 N.E.2d 714, 719 (Ind.Ct.App. 2009).

### Whether Evidence Rule 412 Precluded Introduction of Testimony

Conrad claims that the proffered testimony did not come within the ambit of Evidence Rule 412 and that the trial court erred in excluding this testimony. Rule 412 precludes introduction of evidence of any prior sexual conduct of an alleged victim of a sex crime or a witness in a sex crime prosecution unless that evidence would establish evidence of prior sexual conduct with the defendant, would bring into question the identity of the defendant as the assailant, or would be admissible as a prior offense under Rule 609. Ind. Evidence Rule 412(a). A common-law exception exists for situations where the victim has admitted the falsity of a prior accusation of rape or where a prior accusation is demonstrably false. *State v. Walton*, 715 N.E.2d 824, 826–28 (Ind.1999). Where a defendant seeks to offer evidence of past sexual conduct, whether or not that evidence is within the scope of the exceptions to Rule 412, he must submit a written motion that includes a description of the evidence at least ten days before trial. *Sallee v. State*, 785 N.E.2d 645, 651 (Ind. Ct.App.2003), *trans. denied.*

Evidence Rule 412 "is intended to prevent the victim" of a sexual assault "from being put on trial . . . and, importantly, to remove obstacles to reporting sex crimes." *Williams v. State*, 681 N.E.2d 195, 200 (Ind.1997). It reflects the insight of Indiana's Rape Shield Statute, *see* Ind.Code § 35–37–4–4, that "inquiry into a victim's prior sexual activity is sufficiently problematic that it should not be permitted to become a focus of the defense." *Id.* While the Rule permits introduction of evidence of past sexual conduct with the accused, it "does not permit a defendant to base his defense of consent on the victim's past sexual experiences with third persons." *Id.* Evidence "of the classic sort precluded by the Rape Shield Rule" seeks to draw the fact-finder's attention to prior sexual conduct "simply to show that the victim has consented in the past in the hope the inference will be drawn that she consented here." *Id.*

Here, the trial court held that the testimony Conrad sought to introduce related to his claim that S.L. was making out with Nagle before Conrad himself became involved with her was inadmissible under Rule 412. Conrad does not argue that S.L.'s conduct with Nagle was not sexual conduct. He instead argues that S.L.'s activity with Nagle "was contemporaneous" (Appellant's Br. 3) with any activity involving Conrad and thus Rule 412's pro-

scription against "past sexual conduct" did not apply. Evid. R. 412(b).

First, we note that no written motion to introduce such evidence was filed with the trial court. While the trial court was willing to dispense with this requirement because it was sure Conrad "would have filed something," (Tr. 60), we remind the trial court that it must be mindful of the purpose and procedure set forth in Rule 412(b) and our holding that a written motion must be submitted for any evidence regarding past sexual conduct. *See Sallee,* 785 N.E.2d at 651. In light of this requirement, Conrad's failure to provide timely written notice required exclusion of any evidence related to any sexual conduct involving S.L. and Nagle.[3]

■ Notwithstanding the question of proper notice under Rule 412, we are also not persuaded that the Rule contemplates the neat time divisions suggested by Conrad. We thus find no abuse of discretion in the trial court's refusal to admit evidence of S.L.'s activities with Nagle. Scott testified that after making out with Nagle S.L. had gotten up, used the bathroom, and returned and laid herself down on the couch before Conrad got on the couch with her. These events occurred in "a very close period of time." (Tr. 722) But they were not contemporaneous, as Conrad does not claim that he and Nagle were simultaneously engaged in activity of a sexual nature with S.L. Thus we cannot agree that the close period of time at issue here somehow makes sexual conduct between S.L. and Nagle anything other than "past sexual conduct."

Moreover, Rule 412 requires exclusion of evidence of a victim's sexual conduct with anyone other than defendant except where the identity of the defendant as assailant or father of a victim's child is at issue or where such evidence would be used for impeachment under Rule 609. Evid. R. 412(a)(2)–(4). Conrad did not claim that Nagle, not he, assaulted S.L., nor did he seek the shelter of any other exception to Rule 412. Rather, he claimed that S.L. consented to sexual activity with him and that Scott's testimony would serve to impeach S.L.'s testimony as to her recollection of events on March 3, 2007. Yet this fits none of the exceptions to Rule 412, and we decline any invitation to create an exception based on a perceived need to impeach testimony or any particular reading of the word "past." *Cf. Little v. State,* 650 N.E.2d 343, 345 (Ind.Ct.App.1995) (declining "to fashion an exception" for evidence of past sexual conduct "for the independent purpose of showing the defendant's belief as to the victim's age").

*Whether Exclusion of Testimony Infringed upon Conrad's Constitutional Right to a Defense*

■ Conrad also claims that his rights to present his defense under the United States and Indiana Constitutions were infringed upon by exclusion of Scott's testimony.

■ While Rule 412 is facially constitutional, our supreme court contemplated situations in which a defendant's Sixth Amendment rights to present witnesses and confront accusers might be infringed upon. *See Williams,* 681 N.E.2d at 201

---

**3.** Failure to file a motion is particularly worrisome where there has been ample time to file and there has been no claim of good cause entitling the party to waiver of the ten-day period, as is the case here. *See* Evid. R. 412(b)(1). The trial was postponed from December 2009 to February 2010 in part because of the unavailability for the original trial date of Tim Scott, some of whose proffered testimony would have come within Rule 412's ambit. Conrad did not argue that he had good cause for failing to meet the ten-day period at trial or upon appeal.

(reviewing cases from other jurisdictions permitting admission of such evidence in some situations). When considering such a claim, we look to the effect of the precluded evidence and the state's interest in excluding such. *Oatts*, 899 N.E.2d at 722. A constitutional issue in this context arises only when access to relevant and substantial evidence affecting the credibility of a crucial witness against the accused would be excluded. *Id.* at 723 (citing *Borosh v. State*, 166 Ind.App. 378, 383, 336 N.E.2d 409, 412 (1975)).

Conrad would have used the precluded evidence—here, whether S.L. had been kissing Nagle before Conrad approached her—to impeach S.L.'s credibility and memory. Assuming this evidence were somehow relevant to S.L.'s credibility or ability to recall events from that night, exclusion of this evidence did not completely impair Conrad's ability to impeach S.L.'s testimony. S.L. testified that she found Conrad "creepy" and therefore stayed away from him during the party, (Tr. 576) that she was not attracted to him, and that she did not consent to any sexual activity with Conrad. Conrad was able to elicit acknowledgements from S.L. during cross-examination that she was drunk, confused, could not recall the exact number of drinks she had consumed, and could not remember the precise sequence of events. Despite his efforts at cross-examination, the jury nevertheless convicted Conrad.

Conrad's failure to impeach S.L. upon cross-examination without use of evidence precluded under Rules 412 and 403 does not mean that he was denied meaningful cross-examination. We thus do not agree with Conrad that he has been deprived of

his constitutional rights to present a defense.[4]

**Conclusion**

The trial court did not err in excluding evidence of Conrad's victim's past sexual conduct under Evidence Rules 412 and 403. Conrad's rights under the United States and Indiana Constitutions to effectively impeach and cross-examine witnesses were also not infringed upon by the trial court's rulings.

Affirmed.

NAJAM, J., and DARDEN, J., concur.

---

4. Because we find no abuse of discretion, we do not address Conrad's argument that the trial court's error in denying introduction of evidence under Rule 412 was compounded by the State's failure to correct a potential inference from a question in the State's cross-examination of Conrad.