**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHARLES W. LAHEY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LEONARD T. MARSHALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  71A05-1103-CR-103 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No.  71D01-1010-FA-40

**January 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Leonard T. Marshall appeals his convictions of rape, a class A felony;[1] criminal confinement, a class C felony;[2] intimidation, a class D felony;[3] strangulation, a class D felony;[4] residential entry, a class D felony;[5] resisting law enforcement, a class A misdemeanor;[6] and false informing, a class B misdemeanor.[7]

We affirm.

## ISSUES

1. Whether the trial court erred in permitting the State to amend the charging information on the day of trial.

2. Whether the trial court abused its discretion in admitting into evidence a knife recovered from Marshall.

## FACTS

On the morning of October 8, 2010, K.M. was attacked in her bedroom by Marshall. Marshall held a knife to K.M.'s throat with one hand, choked her with his

---

[1] Ind. Code § 35-42-4-1.

[2] I.C. § 35-42-3-3.

[3] I.C. § 35-45-2-1.

[4] I.C. § 35-42-2-9.

[5] I.C. § 35-43-2-1.5.

[6] I.C. § 35-44-3-3.

[7] I.C. § 35-44-2-2.

other hand, and told her that he would kill her if she did not follow his instructions. At one point, Marshall dropped the knife and choked K.M. with both hands until she could not breathe. Marshall then forced the struggling K.M. from her bedroom to the kitchen, where K.M. grabbed a burner from the stove and hit Marshall over the head, causing him to bleed. Marshall became enraged and more violent, beating K.M.'s face and choking her. K.M. stopped struggling, resigned herself to being raped, and tried to survive.

Marshall dragged K.M. into the basement, where he forced her to perform oral sex on him. He then raped her. Marshall then showed K.M. her son's school identification card and told her that if she reported the rape, he would kill her, her son (J.M.), and her other children.

K.M. managed to escape from Marshall, and she ran to the neighbors for help. A neighbor immediately called the police, and after obtaining a description of Marshall, the police began searching for him. Marshall twice ran from the police, but the police, with the aid of a police dog, eventually apprehended him. Marshall refused to cooperate with the officers, and an officer had to taze him to handcuff him. The officers found a knife and J.M.'s identification card on Marshall's person. Marshall originally gave a false name to the arresting officers.

Marshall claimed that he had consensual sex with K.M. on a number of occasions. Marshall also claimed that after having sex with K.M. on October 8, 2010, he told her

3

that he was moving to Chicago, that she became upset and hit him over the head, and that he choked her in response.

Marshall was charged with and convicted of the offenses listed above. In addition, he was charged with attempted robbery, a class B felony, and intimidation, a class C felony. These charges arose from J.M.'s claim that Marshall had entered K.M.'s home before her return on October 8, 2010, had threatened J.M. with a knife, had demanded valuables, and had taken a hoody belonging to J.M.'s brother. The jury found Marshall not guilty of these charges.

## DISCUSSION

1. <u>Amendment to Charges</u>

Marshall contends that the trial court erred in allowing the State to amend the charging informations on the day of trial. He argues that the amendments were substantive and that he was prejudiced by them.

In general, Indiana Code section 35-34-1-5(b) permits the State "to amend a charging information even in matters of substance at any time before the commencement of trial so long as the amendment does not prejudice the defendant's substantial rights." *Gaby v. State*, 949 N.E.2d 870, 874 (Ind. Ct. App. 2011). The "substantial rights" of a defendant include a right to sufficient notice and an opportunity to be heard regarding the charge. *Id.* "Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges." *Id.* The substantial rights of

4

the defendant are not prejudiced if (1) a defense under the original information would be equally available after the amendment, and (2) the defendant's evidence would apply equally to the information in either form. *Id*.

Our review of the transcript discloses that Marshall did not request a continuance after the trial court granted the State's motion to amend. When a trial court permits an amendment to the charging information, "the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense." I.C. § 35-34-1-5(d). "If a court overrules a defendant's objection to a late amendment, a defendant must request a continuance to preserve any argument that he was prejudiced by the late amendment." *Suding v. State*, 945 N.E.2d 731, 735 (Ind. Ct. App. 2011), *trans. denied*. Failure to request a continuance results in waiver of the issue on appeal. *Id*. Thus, Marshall has waived this issue.

Waiver notwithstanding, Marshall cannot prevail. The amendments were made to render the charges more consistent with statutory language. Marshall did not argue below, and does not argue on appeal, that the amendments had any effect upon his defense of consent. Furthermore, there is no indication that the amendments had any effect upon the presentation of the evidence. The same evidence noted in the original charges was presented at trial. Marshall's substantial rights were not prejudiced by the

amendments. Accordingly, the trial court did not err in overruling Marshall's objections to the State's amendments.[8]

2.      Admission of Evidence

Marshall contends that the trial court abused its discretion in overruling his objection and admitting a blue razor flip knife into evidence. He argues that the flip knife was not the one used to threaten K.M., and even though it was in his pocket at the time of the rape, it was not relevant to the State's case. He also argues that the sole purpose of the introduction was to show that he was a dangerous man who carried a weapon. He further argues that he was prejudiced by admission of the blue razor flip knife because "the mere possession of this unrelated tool casts Marshall's character in a bad light when viewed along with the totality of the circumstances." Marshall's Br. at 9.

Trial courts are accorded broad discretion in determining whether to admit or exclude evidence, and we review evidentiary determinations for an abuse of that discretion. *Conrad v. State*, 938 N.E.2d 852, 855 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's ruling is clearly against the logic, facts, and circumstances presented. *Id*. A trial court's evidentiary ruling will be sustained on any legal ground apparent in the record. *Jester v. State*, 724 N.E.2d 235, 240 (Ind. 2000).

---

[8] Our review of this issue is hampered by appellate counsel's failure to include the original and amended charges in Marshall's appendix. We have examined the transcript containing the objections to ascertain that the amendments did not affect Marshall's defense or the presentation of the evidence.

6

Rape occurs when a person knowingly or intentionally has sexual intercourse with a member of the opposite sex when the other person is compelled by force or imminent threat of force. I.C. § 35-42-4-1(a). The offense is a class A felony if, among other things, it is committed by using or threatening the use of deadly force or while the offender is armed with a deadly weapon. I.C. 35-42-4-1(b).

Our examination of the transcript discloses that Captain Mark Reihl of the St. Joseph County Police Department testified without objection that Marshall showed the flip knife to K.M. In addition, it appears that Marshall admitted on cross-examination to showing the flip knife to K.M. Accordingly, even though Marshall apparently was armed with a fixed-handle knife during the actual commission of the rape, the flip knife was relevant as a threat of deadly force as K.M. knew it was being carried by Marshall during the rape.

Furthermore, before the admission of the flip knife, an officer testified without objection about the knife and a photograph of the knife was admitted without objection. Accordingly, the admission of the actual knife was merely cumulative of other evidence, and it is apparent that admission of the actual knife, even if error, was harmless. *See West v. State*, 755 N.E.2d 173, 183 (Ind. 2001) (holding that a defendant "could hardly have been greatly prejudiced by admission of [a] knife when two witnesses had already testified to the knife's existence").

Affirmed.

7

BAKER, J., and BAILEY, J., concur.