**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MATTHEW J. McGOVERN**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Sep 07 2012, 9:10 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JANELLA DATCHER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1111-CR-506 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-1102-FA-264

**September 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Janella Datcher ("Datcher") pleaded guilty to two counts of battery,[1] each as a Class D felony and was convicted of child molesting[2] as a Class A felony after a jury trial. Datcher was sentenced to an aggregate term of thirty-five years executed for these convictions. She appeals, raising the following restated issues:

I. Whether the trial court abused its discretion when it excluded evidence under the Rape Shield Rule that the victim may have been inappropriately touched by a third person;

II. Whether the trial court committed fundamental error when it allowed evidence of Datcher's battery against one of her children to be admitted at trial; and

III. Whether Datcher's sentence was inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Until February 2010, Datcher lived with her children, including J.D.1 and J.D. 2, in Vanderburgh County. At the time of the trial in the present case, J.D.1 was six years old and J.D.2 was five years old. Both girls were removed from Datcher's custody and placed in foster care in February 2010 for reasons not related to this appeal.

In November 2010, J.D.1 made an allegation of sexual abuse regarding Datcher to a counselor, and a sexual assault examination was conducted by Dr. Emily Krajec ("Dr. Krajec"). During the examination, J.D.1 told Dr. Krajec that Datcher had inserted various objects, including a light and crayons, into her vagina. Dr. Krajec discovered that

---

[1] *See* Ind. Code § 35-42-2-1.

[2] *See* Ind. Code § 35-42-4-3.

J.D.1 had a ruptured hymen and trauma to her left lateral perineum, which were consistent with her claims of sexual abuse by Datcher. Before physically examining J.D.1, Dr. Krajec asked her if she had ever been touched inappropriately in the genital area, and J.D.1 responded that she had, by both Datcher and by friends of Datcher. Additionally, the record shows that Datcher struck both girls with an electrical cord, striking J.D.2 in the vaginal area. Datcher also inserted a small toy into J.D.1's vagina.

The State charged Datcher with two counts of child molesting, each as a Class A felony, and two counts of battery, each as a Class D felony. Before the jury trial commenced, Datcher pleaded guilty to two counts of Class D felony battery, and a jury trial subsequently commenced on the remaining two counts of Class A felony child molesting. Prior to trial, Datcher sought to exclude evidence of the batteries under Indiana Evidence Rule 404(b). The trial court ruled that limited evidence of the batteries by Datcher against the children could be admitted as intrinsic evidence of the molestations and as evidence of the relationship between Datcher and her children and her motive for committing the molestation. At trial, J.D.2 testified that Datcher "whipped" her "private parts," which she described as where she pees, with a cord. *Tr.* at 105. J.D.2 also testified that Datcher had touched her "private parts" with her hand on the outside of J.D.2's clothes, but had not inserted anything inside her "private parts." *Id*. at 105-07, 109. Following J.D.2's testimony, the State moved to dismiss the charge of child molesting related to J.D.2, which the trial court granted.

Additionally, prior to trial, the trial court ruled that, under the Rape Shield Rule, the defense was precluded from presenting evidence about any fondling or touching by

3

other individuals that would not have resulted in the physical harm to the children. *Id*. at 11. Only evidence that someone else could have been responsible for the physical trauma to the alleged victims was allowed to be presented. *Id*. During the trial, the trial court excluded testimony under the Rape Shield Rule by Dr. Krajec that J.D.1 had said that someone other than Datcher had touched her inappropriately, because these statements by J.D.1 did not accuse others of inserting anything into her vagina, and therefore, could not provide an alternative cause for the physical injuries described. *Id*. at 161-63.

At the conclusion of the trial, the jury found Datcher guilty of the one remaining charge, one count of child molesting as a Class A felony. A sentencing hearing was held, at which the trial court found three aggravating circumstances: (1) Datcher was in a position of trust as mother to the victims; (2) the offenses were committed in the presence of minor children; and (3) the offenses were committed against two different victims. It also found two mitigating circumstances: (1) Datcher had no criminal history; and (2) Datcher pleaded guilty to two counts of Class D felony battery. Finding that the aggravating factors outweighed the mitigating factors, the trial court sentenced Datcher to thirty-five years on her conviction for Class A felony child molesting and to two years on each conviction for Class D felony battery and ordered the three sentences to be served concurrently for an aggregate sentence of thirty-five years. Datcher now appeals.

**DISCUSSION AND DECISION**

**I. Exclusion of Evidence under Rape Shield Rule**

The trial court has broad discretion in ruling on the admission or exclusion of evidence. *Gutierrez v. State*, 961 N.E.2d 1030, 1034 (Ind. Ct. App. 2012) (citing

4

*Kimbrough v. State,* 911 N.E.2d 621, 631 (Ind. Ct. App. 2009)). The trial court's ruling on review of admissibility of evidence will be disturbed on review only upon a showing of an abuse of discretion. *Id.* (citing *Conrad v. State,* 938 N.E.2d 852, 855 (Ind. Ct. App. 2010)). An abuse of discretion occurs when the trial court's ruling is clearly against the logic, facts, and circumstances presented. *Oatts v. State,* 899 N.E.2d 714, 719 (Ind. Ct. App. 2009). In reviewing the admissibility of evidence, we consider only the evidence in favor of the trial court's ruling and any unrefuted evidence in the appellant's favor. *Redding v. State*, 844 N.E.2d 1067, 1069 (Ind. Ct. App. 2006). As a rule, errors in the admission or exclusion of evidence are to be disregarded as harmless unless they affect the substantial rights of a party. *Id.* In determining whether an evidentiary ruling affected a party's substantial rights, we assess the probable impact of the evidence on the trier of fact. *Id.*

Datcher argues that the trial court abused its discretion when it excluded testimony by Dr. Krajec, pursuant to the Rape Shield Rule, that other individuals, in addition to Datcher, had touched J.D.1 inappropriately in her genital area and therefore may have committed the offense with which Datcher was charged. She specifically contends that the exclusion of such testimony violated her right of cross-examination under the Sixth Amendment to the United States Constitution. She asserts that the State was allowed to present evidence corroborating the victim's accusation of molestation, i.e., Dr. Krajec's testimony that J.D.1's hymen was not intact and that she had trauma to her left lateral perineum, and that she should have been allowed under the Sixth Amendment to present evidence that others may have been responsible for the offenses.

5

The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." The Fourteenth Amendment makes this right of confrontation obligatory upon the states. *Howard v. State*, 853 N.E.2d 461, 464-65 (Ind. 2006) (citing *Pointer v. Texas,* 380 U.S. 400, 406, (1965)). The essential purpose of the Sixth Amendment right of confrontation is to ensure that the defendant has the opportunity to cross-examine the witnesses against him. *Id.* at 465 (citing *State v. Owings,* 622 N.E.2d 948, 950 (Ind. 1993)). Trial judges, however, have "wide latitude to impose reasonable limits based on concerns including harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant." *Wright v. State*, 836 N.E.2d 283, 289 (Ind. Ct. App. 2005), *reh'g granted with instructions*, 845 N.E.2d 263 (Ind. Ct. App. 2006), *trans. denied*.

The admission of evidence relating to a victim's past sexual conduct is governed by Indiana Evidence Rule 412, which is commonly referred to as the Rape Shield Rule. Evidence Rule 412 provides that,

a)     In a prosecution for a sex crime, evidence of the past sexual conduct of a victim or witness may not be admitted, except:

    (1)     evidence of the victim's or of a witness's past sexual conduct with the defendant;

    (2)     evidence which shows that some person other than the defendant committed the act upon which the prosecution is founded;

    (3)     evidence that the victim's pregnancy at the time of trial was not caused by the defendant; or

6

(4)  evidence of conviction for a crime to impeach under Rule 609.

Ind. Evidence Rule 412(a).  This rule is intended to prevent the victim from being put on trial, to protect the victim against surprise, harassment, and unnecessary invasion of privacy, and, importantly, to remove obstacles to reporting sex crimes.  *Sallee v. State*, 785 N.E.2d 645, 650 (Ind. Ct. App. 2003), *trans. denied*, *cert. denied* 540 U.S. 990 (2003).

In the present case, physical evidence showed that J.D.1 had a ruptured hymen and trauma to her left lateral perineum, which were injuries consistent with having an object inserted into her vagina as she alleged Datcher had done.  The testimony of Dr. Krajec that Datcher sought to have admitted provided that others had touched J.D.1 inappropriately, but not that anyone else had inserted an object into her vagina.  The trial court excluded such testimony because it did not tend to provide an alternate explanation for J.D.1's injuries or that someone else caused the injuries.

Assuming without deciding that it was error to exclude such evidence, we find such error to be harmless. Errors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of the party.  *Rogers v. State*, 902 N.E.2d 871, 877 (Ind. Ct. App. 2009) (citing *Corbett v. State,* 764 N.E.2d 622, 628 (Ind. 2002)).  "We 'assess the probable impact of that evidence upon the jury' in determining whether the admission of evidence affected the party's substantial rights." *Id.*  The erroneous exclusion of evidence is deemed harmless when its probable impact on the jury, in light of all the evidence in the case, is sufficiently minor so as not to affect the

substantial rights of the parties. *Swanigan v. State*, 720 N.E.2d 1257, 1260 (Ind. Ct. App. 1999) (citing *Fleener v. State*, 656 N.E.2d 1140, 1142 (Ind. 1995)).

Here, the excluded evidence was merely cumulative of other more specific testimony already given by J.D.1. During cross-examination, J.D.1 testified that she had previously stated in a deposition that a man named Bossy had inserted something into her "bottom." *Tr.* at 69, 71-72. She also testified that in her deposition she had said that several men put fingernail polish in her privates, where she goes potty. *Id.* at 74-76. She stated that Datcher was present when the men did this and told the men how to do it. *Id.* at 75, 82. Therefore, testimony had already been admitted regarding allegations of far more specific offenses committed by people other than Datcher, and Dr. Krajec's testimony that J.D.1 had stated that friends of Datcher's had inappropriately touched her would be merely cumulative of the previous testimony. In light of all of the evidence in the case, even if the exclusion of the doctor's testimony was erroneous, such error did not affect Datcher's substantial rights and was harmless.

## II. Admission of Battery Evidence

Datcher argues that the trial court erroneously admitted evidence regarding her battery of J.D.2. The trial court has broad discretion in ruling on the admission or exclusion of evidence, and such ruling will be disturbed on review only upon a showing of an abuse of discretion. *Gutierrez*, 961 N.E.2d at 1034. However, as Datcher recognizes, although she filed a pretrial motion in limine pertaining to the battery evidence, she did not object at the time testimony regarding battery was given. To avoid waiver of review, Datcher invokes the fundamental error doctrine, which permits

8

appellate review of otherwise procedurally defaulted claims. *See Sasser v. State,* 945 N.E.2d 201, 203 (Ind. Ct. App. 2011), *trans. denied.* The fundamental error doctrine is extremely narrow and requires an error "so prejudicial that a fair trial is impossible." *Southward v. State*, 957 N.E.2d 975, 977 (Ind. Ct. App. 2011). Blatant violations of basic principles, coupled with substantial potential or actual harm and denial of due process constitute fundamental error. *Id.*

Datcher argues that the trial court erred when it allowed evidence of her battery against J.D.2 into evidence. She contends that admission constituted fundamental error because it was inadmissible character evidence under Indiana Evidence Rule 404(b), and no evidence linked the battery to the molestations. Further, Datcher claims that the evidence was inadmissible under Indiana Evidence Rule 403 because it had no probative value and was, therefore, unfairly prejudicial.

Indiana Evidence Rule 404(b) provides,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

"The rule is 'designed to prevent the jury from assessing a defendant's present guilt on the basis of his past propensities.'" *Reese v. State*, 939 N.E.2d 695, 700 (Ind. Ct. App. 2011) (quoting *Hicks v. State,* 690 N.E.2d 215, 218 (Ind. 1997)), *trans. denied.* In determining whether to admit evidence of specific acts under the rule, the trial court is to:

(1) determine whether the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; (2) determine that the proponent has sufficient proof that the person who allegedly committed the act did, in fact, commit the act; and (3) balance the probative value of the evidence against its prejudicial effect pursuant to Indiana Evidence Rule 403. *Id.* (citing *Camm v. State,* 908 N.E.2d 215, 223 (Ind. 2009)).

In the present case, prior to trial, Datcher pleaded guilty to two counts of Class D felony battery and sought, via a motion in limine, to have the evidence of her batteries against J.D.1 and J.D.2 excluded at the trial for the remaining two counts of child molesting. The trial court ruled that limited evidence of the batteries could be admitted as intrinsic evidence of the molestations and as evidence of the relationship between Datcher and her children and her motive for committing the molestations. *Tr.* 4-7. The trial court ruled that evidence of certain incidents of abuse by Datcher that the trial court found to be likely to inflame the jury should be excluded, but allowed testimony regarding the "cord whippings" by Datcher. *Id.* at 6-7. During trial, when the State sought to admit such evidence, Datcher did not object, and J.D.2 testified that Datcher whipped her with a cord on her "private parts." *Id.* at 105.

"'A defendant's prior bad acts are . . . usually admissible to show the relationship between the defendant and the victim.'" *Smith v. State*, 891 N.E.2d 163, 171 (Ind. Ct. App. 2008) (quoting *Ross v. State,* 676 N.E.2d 339, 346 (Ind. 1996)), *trans. denied.* Where a relationship between parties is characterized by frequent conflict, evidence of the defendant's prior assaults and confrontations with the victim may be admitted to

10

show the relationship between the parties and motive for committing the crime. *Id*. at 171-72 (quoting *Iqbal v. State*, 805 N.E.2d 401, 408 (Ind. Ct. App. 2004)).

At trial, the State theorized that, unlike most cases of child molesting, Datcher inserted objects into her daughters' vaginas as a form of punishment rather than to satisfy any sexual desire. From the evidence that Datcher whipped the girls with a cord in their genital area, the jury could infer that she targeted the girls' genitals when inflicting punishment. The evidence of the batteries tended to show Datcher's motive for inserting objects into the girls' vaginas and that the acts were intentional. Further, the trial court limited the evidence to exclude other evidence of abuse perpetrated by Datcher that would be more inflammatory to the jury.

Additionally, the admission of the battery evidence was not erroneous just because the charge concerning the molestation of J.D.2 was dismissed after J.D.2 testified. When the trial court made its pretrial ruling on the admissibility of the evidence of the batteries, Datcher was facing two charges of Class A felony child molesting, one charge pertaining to each victim, J.D.1 and J.D.2. At the time that J.D.2 testified that Datcher whipped her with a cord in her private parts, the charge concerning the molestation of J.D.2 was still pending. During her testimony, J.D.2 subsequently testified that Datcher did not insert anything into her private parts and had only touched her private parts over her clothes with Datcher's hand. *Tr*. at 105-07. After J.D.2 completed her testimony, the State moved to dismiss the molesting charge pertaining to J.D.2, which was granted by the trial court. The trial court's decision to admit the evidence must be viewed in context of the trial as it existed at the time. Therefore, at the time of J.D.2's testimony the evidence was

11

properly admitted because it was still relevant to the molesting charge concerning J.D.2, and after the charge was dismissed, Datcher did not make an effort to have J.D.2's testimony stricken from the record or have the jury admonished regarding the previously admitted testimony.

We conclude that Datcher has failed to show that the admission of the battery evidence was a blatant violation of basic principles, with substantial potential or actual harm and denial of due process or that it was so prejudicial that a fair trial was impossible. *Southward*, 957 N.E.2d at 977. The trial court did not err in admitting the evidence.

### III.  Inappropriate Sentence

"This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State,* 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied.* Although Indiana Appellate Rule 7(B) does not require us to be extremely deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Delao v. State*, 940 N.E.2d 849, 852-53 (Ind. Ct. App. 2011) (citing *Patterson v. State,* 909 N.E.2d 1058, 1062–63 (Ind. Ct. App. 2009)), *trans. denied*. We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* at 853. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id.*

Datcher was sentenced to thirty-five years for her Class A felony child molesting conviction and to two years for each of her Class D felony convictions for battery, with the sentences ordered to run concurrently for an aggregate sentence of thirty-five years. The sentencing range for a Class A felony is between twenty and fifty years, with an advisory sentence of thirty years. Ind. Code § 35–50–2–4. The sentencing range for a Class D felony is between six months and three years, with an advisory sentence of one-and-one-half years. Ind. Code § 35-50-2-7. Datcher argues that her thirty-five-year aggregate sentence was inappropriate in light of the nature of the offense and the character of the offender and requests that we revise it to twenty-five years for her Class A felony conviction and one-and-one-half years for each Class D felony with the sentences running concurrently, for an aggregate sentence of twenty-five years.

As for the nature of the offenses, Datcher was convicted of Class A felony child molesting for inserting a baby toy into the vagina of one of her daughters, which resulted in a ruptured hymen and trauma to the perineum. She also admitted that she battered both of her daughters by striking them with a cord and caused bodily injury to both girls. In each of these offenses, Datcher abused her position of trust as the girls' mother when she abused her daughters.

As to Datcher's character, we note that she did not have a prior criminal history and that she pleaded guilty to the battery charges prior to trial. However, her guilty pleas did not occur until the eve of trial, and she only pleaded guilty to two of her four charged offenses. Therefore, she did not likely save the State or trial court substantial time or effort, and she did not accept full responsibility for her crimes. Additionally, as stated

above, Datcher abused her position of trust with her daughters in the commission of all of her crimes. We therefore conclude that Datcher's aggregate thirty-five-year sentence was not inappropriate in light of the nature of the offenses and the defendant's character.

Affirmed.

NAJAM, J., and MAY, J., concur.