**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 18 2014, 8:26 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL R. FISHER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BENNIE TRUTH, )<br>)<br>Appellant-Defendant, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>Appellee-Plaintiff. ) | No. 49A02-1405-CR-334 |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol Orbison, Senior Judge
Cause No. 49F09-1310-FD-70066

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Bennie Truth appeals his conviction of Class D felony failure to register as a sex offender.[1] He claims the State's evidence was insufficient to support that conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY

Truth was required to register as a sex offender because he committed rape in 1998. On September 17, 2013, Truth registered his address as Room 152 at the King's Inn Hotel, 6850 E. 21st Street, in Indianapolis. As of October 21, 2013, Truth had not changed his registration.

On October 21, Marion County Sheriff Department Deputy Timothy Doughty went to the King's Inn Hotel to find Truth. Deputy Doughty found Room 152 empty and then went to the front desk. The manager told him Truth had never been a registered guest in any room at the Hotel, and police began the process of obtaining a warrant to arrest Truth for failure to register.

Police arrested Truth on November 14, 2013, at a bar on the west side of Indianapolis. Truth told the arresting officer "he was staying at the King's Inn at 21st and Shadeland, but he also went on to say that he was homeless and that he had registered homeless." (Tr. at 17.) The officer confirmed Truth's official address with the registry was "6850 East 21st Street, Room 152." (*Id.* at 17.)

The State charged Truth with three counts of Class D felony failure to register as a sex

---

[1] Ind. Code § 11-8-8-17.

2

offender: Count 1 alleged he made "a material misstatement or omission while registering as a sex offender," (App. at 20); Count 2 alleged he did not "reside at the address . . . registered as [the] address of residence," (*id*. at 21); and Count 3 alleged he did not "update [his] address within seventy-two hours after changing [his] address, (*id*. at 22). Truth waived his right to a jury trial. The court found him guilty of all three charges, but it entered a conviction on only one count. The court imposed a three-year sentence to be served through community corrections.

## DISCUSSION AND DECISION

When we review claims of insufficient evidence, we do not reweigh evidence or assess witness credibility, and we will affirm unless no rational factfinder could have found the defendant guilty beyond a reasonable doubt. *Sasser v. State*, 945 N.E.2d 201, 204 (Ind. Ct. App. 2011), *trans. denied*.

Sex offenders who are required to register must provide law enforcement with their "principal residence address, other address where the . . . offender spends more than seven (7) nights in a fourteen (14) day period, and mailing address, if different from the . . . offender's principal residence address." Ind. Code § 11-8-8-8(a). Once registered, a sex offender who changes his "principal residence address . . . shall report . . . the sex or violent offender's new principal address or location not more than seventy-two (72) hours after the address change." Ind. Code § 11-8-8-11(a); *see also* Ind. Code § 11-8-8-8(c) (requiring offender to contact local law enforcement within 72 hours of any change in reported information).

3

A sex offender commits Class D felony failure to register if he knowingly or intentionally:

> (1) fails to register when required to register under this chapter;
> (2) fails to register in every location where the sex or violent offender is required to register under this chapter;
> (3) makes a material misstatement or omission while registering as a sex or violent offender under this chapter;
> (4) fails to register in person as required under this chapter; or
> (5) does not reside at the sex or violent offender's registered address or location . . . .

Ind. Code § 11-8-8-17(a). The court found Truth committed Class D felony failure to register in three distinct ways -- providing an address that was not his, not staying at the address he provided, and failing to update the registry within 72 hours of moving.

Truth asserts the evidence was insufficient to support any of those findings. Truth testified he had been staying in room 152 with two men, Reginald Smith and D.J. Luckett, who had registered the room in their names, and he was giving Smith money to help pay for the room. In support of his claim, he noted one of the managers testified he had seen Truth at the Hotel on three or four occasions.

Another Hotel manager confirmed Smith and Luckett had been registered at the hotel as part of a Department of Correction program. However, she testified that Smith checked out on October 15 or 17, and Luckett "had already gone." (Tr. at 64.) Thus, even if Truth had stayed in Room 152 with Smith and Luckett, he could not have been living there after October 17. The trial court could therefore infer that by October 21, Truth had failed for more than 72 hours to update his address with the registry.

4

We acknowledge Truth's testimony he was staying in Room 152 at the King's Inn Hotel when he registered that location as his address and he stayed there thereafter, but we may not accept Truth's invitation to reweigh the evidence or assess the credibility of the witnesses. In light of the conflicts between Truth's version of events and those presented by other witnesses, the court was not required to find Truth's uncorroborated testimony credible. *See Sasser*, 945 N.E.2d at 205 ("this case boils down to an assessment of witness credibility. And that is a task for the jurors"). We therefore cannot overturn the trial court's findings that Truth made a material misstatement when registering and that Truth did not reside at his registered address. Accordingly, we affirm.

Affirmed.

BARNES, J., and PYLE, J., concur.